**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
THE RETAIL PROPERTY TRUST,

                              Plaintiff,                                        **ORDER**

                       -against-                                      CV 17-2193 (JFB) (AKT)

NASSAU COUNTY DEPARTMENT OF
ASSESSMENT, JAMES E. DAVIS, as Acting
County Assessor, THE NASSAU COUNTY
LEGISLATURE, and THE COUNTY OF NASSAU,

                              Defendants.
-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

The Court is denying the County's discovery motion at DE 89, without prejudice and with leave to re-file, because it fails to strictly comply with Local Civil rule 37.1. Local Rule 37.1 states:

> Upon any motion or application involving discovery or disclosure requests or responses under Fed. R. Civ. P. 37, the moving party shall specify and quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed. The motion or application shall also set forth the grounds upon which the moving party is entitled to prevail as to each request or response. Local Civil Rule 5.1 also applies to the motion or application.

Local Civil Rule 37.1; *see* Local Rule 5.1 ("A party seeking or opposing relief under Fed. R. Civ. P. 26 through 37 inclusive, or making or opposing any other motion or application, shall quote or attach only those portions of the depositions, interrogatories, requests for documents, requests for admissions, or other discovery or disclosure materials, together with the responses and objections thereto, that are the subject of the discovery motion or application, or that are cited in papers submitted in connection with any other motion or application."). To comply with

these Rules, the movant must first list verbatim the document request or interrogatory which was served on opposing party, followed directly by the opposing party's verbatim response to the particular request, followed immediately by the specific objection(s) counsel is raising and the basis for the objections (*i.e.*, why the response is objectionable, deficient, non-responsive, etc.).

Additionally, in failing to recognize the Rule 26 standard as it was amended in December 2015, counsel for the County misapprehends the correct standard. Rule 26(b)(1), as amended on December 1, 2015, recognizes that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley v. Choice Hotels Int'l*, No. CV 14-634, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015) (recognizing that "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case.' ") (internal citation omitted); *Denim Habit, LLC v. NJC Boston, LLC*, No. 13 CV 6084, 2016 WL 2992124, at *3 (E.D.N.Y. May 23, 2016). Notably, although Rule 26 still permits a wide range of discovery based upon relevance and proportionality, the "provision authorizing the court . . . to order discovery of any matter relevant to the subject matter involved in the action" has been eliminated. Rule 26 Advisory Committee Notes to 2015 Amendments; *see Sibley*, 2015 WL 9413101, at *2 (internal citation omitted). The rationale behind the elimination of this phrase is the reality that it "has been used by some, incorrectly, to define the scope of discovery." Rule 26 Advisory Committee Notes to 2015 Amendments. Thus, Rule 26(b)(1), as amended, although not fundamentally different in scope from the previous version "constitute[s] a reemphasis on the importance of proportionality in discovery but not a substantive change in the law." *Vaigasi v. Solow Mgmt. Corp.*, No. 11 CIV 5088, 2016 WL 616386, at *13 (S.D.N.Y. Feb. 16, 2016); *see*

*Robertson v. People Magazine*, No. 14 Civ. 6759, 2015 WL 9077111 at *2 (S.D.N.Y. Dec. 16, 2015) ("[T]he 2015 amendment [to Rule 26] does not create a new standard; rather it serves to exhort judges to exercise their preexisting control over discovery more exact-ingly.").

The County is permitted to re-file its motion in compliance with Local Rule 37.1 and with application of the correct Rule 26 standard.

**SO ORDERED.**

Dated: Central Islip, New York
February 1, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge